IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:08-404-JFA |
|---|---|---|
| v. | ) | ORDER |
| CHARLES EDWARD MCCOY | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant to modify his Presentence Report (PSR). Finding the motion to be meritorious, the court will grant the motion (ECF No. 95).

The defendant pled guilty to Count 1 of the Indictment, charging him with possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). On July 15, 2009, this court sentenced the defendant to a term of incarceration of 180 months.

The defendant's motion suggests that, acting on various objections filed by the defendant through his attorney, the court made certain modifications to his PSR that are not adequately set forth in the Statement of Reasons for imposing sentence.

It has been the practice of this District for changes to the PSR made necessary when the court sustains an objection to the PSR, to be reflected not in an amended PSR, but rather set out in the "Statement of Reasons" portion of the Judgment and Commitment Order. In McCoy's case, the court agreed with McCoy and his attorney on several objections, but the

1

Statement of Reasons form (ECF No. 66), does not adequately describe the court's ruling on these objections. To the extent this information may be needed by the Bureau of Prisons to determine the defendant's custody level (an issue about which this court expresses no opinion), the court will modify the Statement of Reasons in its Judgment and Commitment order dated June 16, 2009, so as to provide as follows:

> At sentencing, the court sustained the defendant's objections to paragraphs 12, 52, 55, and 26 as follows: In regard to paragraph 12, the court determined that when the defendant was arrested, he turned over his commercial drivers license, and not his vehicle registration, to authorities because the vehicle in question was not his. In regard to Paragraph 52, the court corrected the paragraph to indicate that Mr. McCoy had already established an on-line travel business at the relevant time. That paragraph had incorrectly indicated that it was Mr. McCoy's intent to establish such a business. In regard to Paragraph 55, the court clarified an ambiguity that existed with regard to the statement of the defendant that he "used cocaine just before he was arrested on November 18." The court confirmed that the defendant's "use" of cocaine referred to the fact that he put the cocaine in question in his mouth so as to avoid detection of the cocaine while he was being chased by law enforcement officers in the chase that led to his arrest and subsequent charges in this case. With regard to Paragraph 26, the court heard information concerning a voluntary manslaughter conviction on the defendant's criminal record. The defendant informed the court that the charge arose out of a situation where two people were charged with shooting an individual, and that McCoy's bullet was not the bullet "that committed the fatal shooting." In other words, the court assumed, for purposes of sentencing, that McCoy was convicted as an aider and abettor, under the common law of South Carolina that holds that the hand of one is the hand of all.

The Clerk is authorized to send a copy of this order to the Federal Bureau of Prisons where the defendant is currently housed so that this order may be included in the institution's records for whatever purposes the Bureau of Prisons determines appropriate. A copy shall also be sent the United States Probation Office.

IT IS SO ORDERED.

January 10, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge